IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS THORNTON, § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. 3:22-CV-2079-N |
| THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant The University of Texas Southwestern Medical Center's ("UTSW") motion for judgment on the pleadings [13]. Because Plaintiff Marcus Thornton has not pled sufficient similarities to his comparators or a causal connection between protected activities and his termination, the Court grants the motion.

**I. ORIGINS OF THE MOTION**

This employment discrimination case arises out of Thornton's termination from UTSW.[1] UTSW hired Thornton as a research assistant in June 2015. Compl. ¶ 9 [1]. Thornton experienced several incidents of racial discrimination by his manager, Norma Anderson, over the course of two years. *See id.* ¶¶ 9, 11–20. Thornton complained to various members of UTSW's Human Resources team and filed formal complaints alleging that his manager's discriminatory behavior was based on his race. *Id.* ¶¶ 12, 16–18. UTSW

---

[1] For purposes of this Order, the Court accepts the well-pleaded allegations of the complaint as true.

MEMORANDUM OPINION AND ORDER – PAGE 1

failed to investigate Thornton's claims. *Id.* ¶ 16. In June 2017, Thornton's supervisors began retaliating against him for filing complaints. *Id.* ¶ 18. As a result of the hostile and unhealthy work environment, Thornton's mental health suffered, and he requested medical leave to seek treatment. *Id.* ¶¶ 19–20. UTSW approved his request for FMLA leave from August 15, 2017 to October 30, 2017. *Id.* ¶ 20. UTSW informed Thornton that he could not return from leave without presenting a fitness to return to work notice. *See id.*

However, at the end of the leave period, Thornton had not been cleared by his doctor to return to work. *Id.* ¶ 21. Thornton informed UTSW that he intended to return as soon as he received medical clearance and would require certain accommodations. *Id.* UTSW denied Thornton's requests for accommodation and notified him that it intended to terminate his employment due to unavailability to work. *Id.* ¶ 22. Thornton responded that he had a doctor's appointment to clear him and that he intended to return to work. *Id.* ¶ 23. He filed another formal request for accommodation that was denied on the same day, and UTSW ultimately terminated him on November 14, 2017, for unavailability to work. *Id.* ¶ 24. Thornton filed suit against UTSW alleging racial discrimination and retaliation in violation of Title VII. UTSW now moves for judgment on the pleadings seeking to dismiss Thornton's claims as time-barred and failing to establish adequate comparators or causation.

## II. LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Any party may move for judgment on the pleadings after the pleadings are closed, as long as the motion does not delay trial. FED. R. CIV. P. 12(c). Rule 12(c) provides a procedure "to dispose of cases where the material facts are not in dispute and a judgment

on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). When ruling on a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

When deciding a Rule 12(b)(6) motion to dismiss or Rule 12(c) motion for judgment on the pleadings, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive the motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In an employment discrimination case, the plaintiff is not required to establish a prima facie case at the pleading stage. *Raj v. La. State Univ.*, 714 F.3d 322, 325 (5th Cir. 2013). A plaintiff need only allege facts supporting each claim's "ultimate elements." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). However, the *McDonnell Douglas* prima facie elements can be "helpful to reference" when determining whether the ultimate elements are adequately pled. *Cicalese*, 924 F.3d at 767 (quoting *Chhim*, 836 F.3d at 470–71); *see also Roy v. U.S. Dep't. of Agric.*, 115 F. App'x 198, 201 (5th Cir. 2004) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355–56 (5th Cir. 2001)).

### III. THE COURT GRANTS THE MOTION

#### A. Thornton Has Not Sufficiently Alleged Similarities to His Comparators

Thornton alleges that "he was treated differently and less favorably by [UTSW] than other similarly situated employees that were not African American," as UTSW "allowed [n]on-African American employees to have time to obtain their 'Return to Work Notice'" and did not terminate them in circumstances similar to Thornton's. Compl. ¶ 27, 31. But these allegations are conclusory. For comparators to share "nearly identical circumstances" with Thornton, he must show that the comparators "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Ks. City So. Rwy. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). The complaint provides no details about the alleged comparators' positions, responsibilities, supervisors, or disciplinary histories. As such, the Court cannot infer that these non-African American employees shared "nearly

identical circumstances" with Thornton.² *See Hendrix v. iQor Inc.*, 2021 WL 3040776, at *5 (N.D. Tex. 2021) (describing plaintiff's allegations that did "not identify particular employees or describe specific situations involving similarly situated non-African American employees" as "too conclusory for the Court to reasonably infer that she was treated differently than other similarly situated employees because of her race"), *report and recommendation adopted as modified*, 2021 WL 3036949 (N.D. Tex. 2021); *see also Lewis v. City of Dallas*, 2016 WL 11474104, at *4 (N.D. Tex. 2016) ("A bare-bones allegation that the City treated Lewis less favorably than similarly situated nonblack employees will not suffice.").

Furthermore, Thornton's chronology of when he presented a return-to-work notice in comparison to his colleagues is incomplete. He alleges that: UTSW sent him a formal notification of its intent to terminate on November 9, 2017; he responded on November 10 informing UTSW of an upcoming doctor's appointment and his intent to return to work; he made a formal accommodations request on November 13, which UTSW denied; and he was terminated by UTSW on November 14. Compl. ¶¶ 22–24. Thornton's allegation that he "obtained and presented his 'Return to Work Notice'" is set apart in a separate section of the complaint and does not state when UTSW received the notice. *Id.* ¶ 31. It is unclear whether Thornton presented a return to work notice before or after he was terminated on

---

² Although Thornton is not required to show completely or totally identical circumstances, *see Lee*, 574 F.3d at 260–61, the complaint is devoid of any facts that establish similarities between him and his colleagues.

November 14. This ambiguity further distinguishes him from his alleged comparators, and accordingly Thornton's claim of racial discrimination must be dismissed.

### B. Thornton Has Not Demonstrated a Causal Link Between His Protected Activity and Termination

"Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Temporal proximity must be weighed holistically as "one of the elements in the entire calculation" of whether the plaintiff has shown a causal connection. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992). Other factors that may be considered are: (1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures in terminating the employee, and (3) the temporal proximity between the employee's protected activity and adverse employment action. *Schroeder v. Greater New Orleans Fed. Credit Union*, 664 F.3d 1016, 1024 (5th Cir. 2011) (internal citations omitted). "*Nassar*'s heightened but-for causation requirement applies only in the third step (the pretext stage) of the *McDonnell Douglas* framework. At the prima facie [stage], a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Garcia v. Prof'l Contract Services, Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). The Fifth Circuit has recently noted that the Supreme Court has favorably cited cases treating a three-month period as insufficient to show causation. *Garcia*, 938 F.3d at 243 (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)).

Here, Thornton relies entirely on the temporal connection between the end of his approved FMLA leave and UTSW's intent to separate letter to demonstrate causation.[3] *See* Pl.'s Resp. Br. 8 [14]; Compl. ¶ 40. However, Thornton's inability to return to work was not a protected activity under Title VII.[4] *See Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) ("Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."). Therefore, the proper date from which to measure temporal proximity would be the filing of his last complaint prior to beginning medical leave. *See id*. But the complaint is unclear as to which dates Thornton engaged in protected activity. *See* Compl. ¶¶ 12, 16–18. Accordingly, Thornton has not established the causal link from his complaints of discrimination to UTSW's decision to terminate his employment, and the Court dismisses Thornton's claim of retaliation.

## CONCLUSION

Because Thornton has not pled sufficient similarities to his comparators or a causal connection between protected activities and his termination, the Court grants the motion for judgment on the pleadings. The Court grants Thornton leave to amend his pleadings within thirty (30) days of the date of this Order in a manner consistent with this opinion.

---

[3] Because Thornton does not provide any details about the ordinary procedures used by UTSW to return employees from medical leave or to terminate employees, the Court does not construe Thornton's statements about UTSW sending the intent to separate letter quickly as an argument that UTSW deviated from its typical policy and procedures.

[4] Thornton has alleged retaliation only under Title VII. The Court does not consider whether UTSW's actions would amount to retaliation under the FMLA.

MEMORANDUM OPINION AND ORDER – PAGE 7

If he does not so amend, the Court will dismiss his claims with prejudice without further notice.

Signed July 26, 2023.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 8