IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARCUS THORNTON,        §
§
      Plaintiff,          §
§
v.                          §           Civil Action No. 3:22-CV-2079-N
§
THE UNIVERSITY OF TEXAS     §
SOUTHWESTERN MEDICAL      §
CENTER,                     §
§
      Defendant.        §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant University of Texas Southwestern Medical Center's ("UTSW") second motion to dismiss Plaintiff Marcus Thornton's claims [24]. Because Thornton failed to state a claim even after the opportunity to cure the defects in his original complaint, the Court grants UTSW's motion and dismisses Thornton's claims with prejudice.

## I. ORIGINS OF THE MOTION

This case arises out of Thornton's termination from UTSW. UTSW hired Thornton as a research associate in June of 2015. Pl.'s Amended Complaint at ¶ 3 [19]. Thornton alleges that he experienced several incidents of racial discrimination by his manager, Norma Anderson, over the course of the two years he worked for UTSW. *Id.* at ¶ 12–16. Thornton complained to various members of UTSW's Human Resources team and filed formal complaints alleging that his manager's discriminatory behavior was based on his race, which Thornton alleges was never adequately addressed. *Id.* at ¶ 19. Thornton later

MEMORANDUM OPINION AND ORDER – PAGE 1

took medical leave to seek treatment for mental health issues. *Id.* at ¶ 21–22. UTSW approved his request for leave from August 2017 to October 2017. *Id.* at ¶ 22. UTSW informed Thornton that he could not return from leave without presenting a fitness to return to work notice. *Id.* Thornton alleges that at the end of the leave period, he attempted to return to work but was denied and terminated. *Id.* at ¶ 25–26. Thornton filed suit against UTSW alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

This Court granted UTSW's first motion to dismiss for failure to state a claim and gave Thornton leave to amend his complaint. Order Granting Motion to Dismiss [18]. UTSW now moves to dismiss Thornton's amended complaint, arguing that Thornton again failed to state a claim for which relief could be granted. Def.'s Motion [24].

## II. LEGAL STANDARD UNDER RULE 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

MEMORANDUM OPINION AND ORDER – PAGE 2

*v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations omitted).  A well-pleaded complaint must include allegations "respecting all the material elements necessary to sustain recovery under some viable legal theory."  *United States v. Marlin Med. Solutions LLC*, 579 F. Supp. 3d 876, 883 (W.D. Tex. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007)).

### III.  THE COURT GRANTS THE MOTION TO DISMISS BECAUSE THORNTON HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A.  Thornton Has Not Pleaded Adequate Facts to Support His Discrimination Claim

Thornton alleges that UTSW discriminated against him in connection with the compensation, terms, conditions, and privileges of his employment on the basis of his race in violation of Title VII.  Pl.'s Amended Complaint at ¶ 35.  Thornton failed to plead sufficient facts to support this claim, and therefore has not satisfied his pleading burden under Rule 12(b)(6).

To demonstrate a prima facie case of employment discrimination, a plaintiff must show that he (1) belongs to "a protected class," (2) "was qualified for the position," (3) experienced "an adverse employment action," and (4) was "similarly situated" to other

employees who were not members of [his] protected class and who "were treated more favorably." *West v. City of Houston, Tex.,* 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Bryan v. McKinsey & Co., Inc*., 375 F.3d 358, 360 (5th Cir. 2004)).  Failure to allege adequate facts on any of these essential elements is fatal to the claim. *See Twombly*, 550 U.S. at 562.

This Court previously held that, in his original complaint, Thornton failed to sufficiently identify similarly situated employees who were not members of his protected class who were treated more favorably.  Order Granting Motion to Dismiss at 4–5.  Here, Thornton did not meaningfully amend his complaint to include sufficient factual allegations and again failed to identify his comparators.

To show that someone is a comparator, a plaintiff must show that the proffered comparator and the plaintiff: "(1) held the same job or responsibilities; (2) shared the same supervisor or had their employment status determined by the same person; (3) have essentially comparable violation histories; and (4) have engaged in nearly identical conduct" as the conduct that resulted in the adverse employment action at issue. *Ross v. Judson Indep. School Dist.*, 999 F.3d 315, 322 (5th Cir. 2021).  While Thornton does not at this stage need to provide evidence of comparators meeting these criteria, he has failed to plead sufficient facts to permit the Court to reasonably infer that such comparators exist. Thornton's amended complaint does not allege that there are other research assistants who are not African American, that those other research assistants have taken leave for health reasons, that those other research assistants have not been terminated under substantially similar circumstances as Thornton, or any other facts that would allow the Court to infer

MEMORANDUM OPINION AND ORDER – PAGE 4

that these non-African American employees were sufficiently similar to Thornton. Thornton's only references to alleged comparators identifies them merely as "other similarly situated employees that were not African American" or simply "non-African American employees" or "non-African Americans."  Pl.'s Amended Complaint at ¶ 29–30, 34.  These allegations are vague and conclusory and do not sufficiently identify similarly situated employees who were treated more favorably than Thornton.

While Thornton's amended complaint includes more specific allegations regarding the treatment he received, that treatment cannot be considered discriminatory unless it can adequately be compared to any similarly situated individual not of the same protected class. Thornton's failure to identify a comparator is fatal to his claim of racial discrimination. Accordingly, the Court dismisses this claim.

### B. Thornton Has Not Pleaded Adequate Facts to Support His Retaliation Claim

Thornton alleges that UTSW violated Title VII by terminating his employment in retaliation for Thornton engaging in protected activity.  Pl.'s Amended Complaint at ¶ 39. Thornton failed to plead sufficient facts to support this claim, and accordingly has not satisfied his pleading burden under Rule 12(b)(6).

To establish a prima facie case of retaliation, a plaintiff must show that: "(1) []he engaged in [a] protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Donnelly v. Academic Partnerships LLC*, 2024 WL 1877043, at *5 (5th Cir. 2024) (citing *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013)).  Thornton attempts to rely on a showing of temporal proximity between his protected conduct and his

termination to allege a causal link between the two.  However, Thornton's alleged protected activity and the adverse employment action are not sufficiently temporally linked to give rise to a presumption of a causal connection.

Thornton alleges that he "filed multiple internal complaints that are considered protected activity under Title VII" from April 2016 to June 2017.  Pl.'s Amended Complaint at ¶ 39.  Thornton alleges that UTSW terminated his employment in November 2017, which constituted an "adverse employment action under Title VII." *Id.* at ¶ 44. These actions are separated by a period of approximately five months.  This is too great a lapse in time to give rise to a presumption of causation based on temporal proximity.

The Fifth Circuit has repeatedly held that "to establish causality, the protected activity and the adverse action must have 'very close' temporal proximity, and 'a five-month lapse is not close enough . . . to establish the causal connection element of a prima facie case of retaliation.'" *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 679 (5th Cir. 2021) (quoting *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020)). Accordingly, "a time lapse of five months does not, without additional evidence of retaliation, establish causation." *Robinson v. Our Lady of the Lake Reg'l Med. Center, Inc.*, 535 F. App'x 348, 353 (5th Cir. 2013) (unpub.) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002)).  Thornton does not plead any other facts that would give rise to a reasonable inference of causation.  Thornton's only other allegation in support is the fact that the UTSW employee that terminated his employment had knowledge of his complaints.  Pl.'s Amended Complaint at ¶ 44.  This, without more, does not allow the Court to infer that Thornton was terminated because of he engaged in protected activity,

MEMORANDUM OPINION AND ORDER – PAGE 6

especially where five months elapsed after the protected activity occurred and Thornton was permitted to go on his requested leave during that time.

Thornton has not pleaded any facts that are legally sufficient to support his claim that his protected activity caused UTSW to terminate his employment. Thornton's failure to plead adequate facts to show causation is fatal to his claim of retaliation. Accordingly, the Court dismisses this claim.

## CONCLUSION

Because Plaintiff Marcus Thornton failed to state a claim for which relief can be granted, the Court grants Defendant UTSW's motion to dismiss. Because Thornton has not requested leave to amend a second time, the Court will not give Thornton an opportunity to amend his complaint. Moreover, even if Thornton had sought leave to amend, the Court holds that Thornton has pleaded his best case. A plaintiff has pleaded his best case after he has been "apprised of the insufficiency" of its complaint but does not amend or state material facts that he would include in an amended complaint to overcome the deficiencies identified by the court. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017). Because Thornton knew of the insufficiency of his complaint but did not fix its deficiencies, Thornton has pleaded his best case. Accordingly, the Court will not give Thornton an opportunity to amend. The Court dismisses Thornton's claims for racial discrimination and retaliation with prejudice.

MEMORANDUM OPINION AND ORDER – PAGE 7

Signed May 29, 2024.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 8